50 IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

APRIL ATWATER, an individual,

    Plaintiff,                                                                      Case No. 1:22-CV-00626

v.

ROBERT ATWATER, an individual,

    Defendant.

_____

**COMPLAINT WITH REQUEST FOR TRIAL BY JURY**
_____

Plaintiff, by and through her attorney of THOMAS KEEL & LAIRD, LLC, complain against Defendant and request a trial by jury as follows:

## I.    INTRODUCTION

1.    For several years while Plaintiff, April Atwater, was a minor, Defendant, Robert Atwater and Plaintiff's father, sexually abused her.

2.    During these years of abuse, Defendant forced Plaintiff to perform sexual intercourse with him as well as forced Plaintiff to perform other sexual acts on him, masturbated in front of Plaintiff, and threatened Plaintiff with further abuse if she disclosed to anyone what Defendant was doing to her.

3.    On July 8, 2021, Colorado Governor Jared Polis signed Senate Bill 88, also known as the Child Sexual Abuse Accountability Act, into law creating a new avenue for justice for underage victims of sexual assault. The Act removes the statute of limitation from victims' claims. The Act and went into effect January 1, 2022.

## II. JURISDICTION AND VENUE

4.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.    This case is instituted in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred.

## III. PARTIES

6.    Defendant, Robert Atwater, resides in Peoria, Arizona; Maricopa County; State of Arizona.

7.    Defendant is the father of Plaintiff.

8.    Plaintiff, April Atwater, is a resident of the State of Utah.

9.    At all times relevant, Plaintiff was a minor.

## IV. STATEMENT OF FACTS

10.    In Pursuant to the Colorado Child Sexual Abuse Accountability Act, SB21-088, Plaintiff brings her claims against Defendant.

11.    At all times relevant, Defendant was Plaintiff's father and therefore occupied a position of trust to Plaintiff.

12.    Defendant resided with his wife and seven children, including Plaintiff, in Arapahoe County, Colorado in the mid to late 1980's.

13.    During the mid to late 1980s in Arapahoe County, Colorado, Defendant sexually abused Plaintiff who was then between the approximate ages of 13 to 15 years.

14.    Specifically, during the mid to late 1980s, Defendant had vaginal sexual intercourse with Plaintiff, forced Plaintiff to perform oral sex upon him, masturbated in front of her, as well as verbally mocked her and threatened her not to report what he was doing to Plaintiff.

15.    Defendant's abuse of Plaintiff occurred at least monthly for at least two years in the mid to late 1980s in Arapahoe County, Colorado.

16.    Defendant's abuse of Plaintiff occurred while Plaintiff was a minor under Defendant's care.

17.    As a result of Defendant's abuse of Plaintiff, Plaintiff has suffered significant injuries and damages, including, but not limited to, past and future medical expenses, past and future lost wages, lost earnings capacity, pain, suffering, trauma, inconvenience, and diminished quality of life.

## IV.  FIRST CLAIM FOR RELIEF
### (Sexual Assault/Battery)

18.    The preceding paragraphs are realleged as if fully set forth herein.

19.    In sexually assaulting Plaintiff, his then minor daughter, Defendant intended to cause an offensive and/or harmful physical contact with Plaintiff.

20.    In forcing Plaintiff, against her will and while she was a minor, to have sexual intercourse with Plaintiff, to force Plaintiff to perform other sexual acts with Defendant, and to masturbate in front of Plaintiff, Defendant placed Plaintiff in apprehension of immediate physical contact.

21.     The contact between Defendant and Plaintiff, specifically the contact occurred while Defendant had sexual intercourse and/or while Defendant forced Plaintiff to perform sexual acts with Defendant, was offensive and/or harmful.

22.     Defendant knew that his conduct, specifically his sexual intercourse with Plaintiff while she was his minor daughter and Defendant's forcing Plaintiff to perform sexual acts with Defendant, would probably place Plaintiff in apprehension of physical contact.

23. Defendant's acts resulted in physical contact with the Plaintiff in the form of Defendant's sexual intercourse with Plaintiff and his forcing Plaintiff to perform sexual acts with him.

24.     As a direct and proximate cause of Defendant's abuse of Plaintiff, Plaintiff suffered severe economic and non-economic damages, including physical and emotional pain and suffering; long term emotional harm which has severely affected her ability to have healthy relationships, develop normally as an adult, work, and enjoy her life; diminished quality of life; inconvenience; past and future medical expenses; lost past and future wages; and diminished earning capacity.

## V. SECOND CLAIM FOR RELIEF
### (Extreme and Outrageous Conduct)

25.      The preceding paragraphs are realleged as if fully set forth herein.

26.     Defendant engaged in extreme and outrageous conduct, including, but not limited to: having sexual intercourse with Plaintiff, forcing Plaintiff to perform sexual acts with Defendant, and masturbating in front of Plaintiff.

27.     At all relevant times, Defendant's conduct was so outrageous and heinous in character, and so extreme in degree, that a reasonable member of the community would regard the conduct as atrocious, going beyond all possible bounds of decency and utterly intolerable in a civilized community.

28.     Knowledge of Defendant's abuse of Plaintiff as detailed herein by a reasonable member of the community would arouse that person's resentment against the Defendant and lead that person to conclude that the conduct was extreme and outrageous.

29.     At all relevant times, Defendant engaged in said conduct recklessly.

30.     Defendant knew or reasonably should have known that there was a substantial probability that his conduct, namely his engaging in forced sexual intercourse and sexual acts as well as in masturbating in front of Plaintiff would cause severe emotional distress to Plaintiff.

31.     In assaulting Plaintiff as detailed above, Defendant intended to cause her severe emotional distress.

32.     In assaulting Plaintiff as detailed above, Defendant knew that his conduct was certain or substantially certain to cause Plaintiff severe emotional distress.

33.     Defendant's assaulting Plaintiff as detailed above caused Plaintiff severe emotional distress.

34.     Since Defendant's assaulting Plaintiff as detailed above, Plaintiff has suffered from severe mental stress, trauma, anxiety, and pain which has required medical care

357.    Plaintiffs severe mental stress, trauma, anxiety, and pain for which she has required medical care were catalyzed as a direct and proximate result of Defendant's aforementioned conduct.

36.    Defendant's assaulting Plaintiff as detailed above was so extreme that no person of ordinary sensibilities could be expected to tolerate and endure it.

37.    The intensity and severity of Plaintiff's emotional distress from Defendant's aforementioned conduct has impacted her physical and mental health as well as her ability to work, her social abilities, her cognition, and her personal relationships, among other things.

38.    Due to Defendant's aforementioned conduct, Plaintiff will be permanently burdened with physical and emotional trauma and distress.

39.    As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff will suffer economic and non-economic damages as more fully described above.

## VI.    JURY DEMAND

Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and enter the following relief:

(a)    All appropriate relief at law and equity;

(b)    Economic losses on all claims allowed by law;

(c)    Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(d)    Punitive damages on all claims allowed by law and in an amount to be determined at trial;

(e)    Attorneys' fees and costs associated with this action, including expert witness fees, on all claims allowed by law;

(f)    Pre- and post-judgment interest at the highest lawful rate; and

(g)    Any further relief that this Court deems just and proper.

DATED this 14 day of March, 2022.

THOMAS KEEL & LAIRD, LLC

***A duly signed original is available for inspection at the offices of Thomas Keel & Laird LLC***

*/s/ Matthew R. Laird*
Matthew R. Laird, #39030
50 S. Steele Street, Suite 450
Denver, CO 80209
(303) 372-6130
*Attorney for Plaintiff*

**Plaintiff's Address:**
1530 S. 430 w.
Orem UT 84058